UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXCELLER SOFTWARE CORPORATION,

                     Plaintiff,                   10 Civ. 0381 (PGG)

              - against -                **MEMORANDUM
OPINION & ORDER**

PEARSON EDUCATION, INC. and
ADDISON-WESLEY LONGMAN, INC.,

                     Defendants.

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Exceller Software Corporation entered into a written agreement with Defendant Addison-Wesley Longman, Inc. to develop an educational software program called "Focus on Grammar" ("FOG"). Exceller alleges that Addison-Wesley and Pearson Education, Inc.[1] breached the agreement, or, in the alternative, infringed Exceller's copyright, by developing and marketing a new software program called "Focus on Grammar Interactive" ("FOGi"). Exceller's Amended Complaint seeks a declaration that (1) FOG is a joint work of authorship, with Exceller and Addison-Wesley as joint authors; and (2) FOGi is a derivative work of FOG. Exceller seeks an accounting of profits Defendants have realized from FOGi. (Am. Cmplt., Counts I and II) The Amended Complaint also asserts claims for copyright infringement, breach of contract, and common law unfair competition. (Am. Cmplt., Counts III, IV, and V) Defendants have moved to dismiss the Amended Complaint in its entirety. For the reasons stated below, Defendants' motion will be granted as to Count V, the unfair competition claim, but will otherwise be denied.

---

[1] Pearson Education is Addison-Wesley's successor in interest. (Am. Cmplt. ¶ 4)

## BACKGROUND

Plaintiff Exceller develops and distributes educational software. Defendant Addison-Wesley publishes educational texts. (Am. Cmplt. ¶¶ 1, 8, 13) In 1993, the two companies began collaborating to produce a software program for instruction in English as a Second Language ("ESL"). After more than a year of work, the parties entered into a Software Development Agreement dated December 22, 1994 ("SDA"). (Id. ¶ 1) In the SDA, Exceller agreed to contribute the software design, software architecture, user interface design, programming code, and product concept for the joint project, while Defendants agreed to contribute the content, including text files, graphic files, and sound files. (Id. ¶ 2) The CD-ROM software product resulting from the parties' collaboration was sold under the FOG name and proved to be highly successful in the marketplace. (Id. ¶¶ 1, 3, 22)

The Amended Complaint alleges that both parties, in entering into the SDA, intended that the copyright in FOG would be held jointly. (Id. ¶ 19) The Amended Complaint further alleges that the parties agreed, in the SDA, that any "major enhancements" to the product would be made only "upon separate and mutually agreeable terms." (Id. ¶ 2) Exceller claims in this lawsuit, however, that Defendants have separately developed a new version of FOG – FOGi – that incorporates "major enhancements" to FOG and has essentially replaced FOG in the marketplace. (Id. 4) Exceller further contends that FOGi is a "derivative work[] of FOG" and seeks its share of the profits that Defendants have received from FOGi. (Id. ¶¶ 43, 49) In the alternative, Exceller brings a copyright infringement claim based on its registered copyrights in FOG (id. ¶ 56), and alleges breach of contract and unfair competition. (Id. ¶¶ 62–63, 72)

Defendants argue that, under the SDA, Exceller was hired solely to develop a software engine for the FOG CD-ROM product, while Defendants retained undivided ownership

2

in the content of the FOG product. In support of this interpretation of the SDA, Defendants cite to its "OWNERSHIP OF RIGHTS" provision, which states:

> a.) The print form of the Work is the property of the Publisher and copyright has been registered in the U.S. Copyright Office under the Publisher's name. Ownership of all content material in the software packages shall be the Publisher's.
>
> b.) The copyright and ownership of the Software engine shall be the Developer's.
>
> c.) Copyright in the Software product of the Work shall be jointly held and shall be registered according to 3.a. and 3.b. herein.

(SDA ¶ 3) (emphasis added) Defendants registered their copyright in the FOG CD-ROM content in 1998. These copyright registrations state that the content of the FOG CDs is derivative of the content in the corresponding Focus on Grammar course books. (Def. Ex. A at ¶ 6b)

Defendants acknowledge that Exceller registered its copyright in each of the four FOG CDs in 2002, but note that Exceller claims protection only for the "[e]ntire source code" and discloses in its registrations that "'[t]he textual data, audio and images in this work are owned by another source.'" (Def. Br. 5 (quoting Am. Cmplt., Ex. 2 at ¶¶ 6a, 6b)

**DISCUSSION**

**I.   LEGAL STANDARD**

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. 544).

"When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' . . . complaint, . . . to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

## II.   REQUEST FOR A DECLARATORY JUDGMENT AND AN ACCOUNTING

In Count One of the Amended Complaint, Exceller seeks a declaration that FOG is a joint work of authorship and that FOGi is a derivative work. Count Two seeks an accounting for profits from sales or licenses of FOGi.

Defendants argue that Counts One and Two must be dismissed because (1) Plaintiff's claims are time-barred by the applicable three-year statute of limitations; and (2) Plaintiff's claim of joint authorship is refuted by the SDA. (Def. Br. 2) This Court concludes that neither issue can be resolved as a matter of law at this time.

### A.   Statute of Limitations

The Copyright Act provides for a three-year statute of limitation for civil claims. 17 U.S.C. §507(b) ("no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued"); see also Merchant v. Levy, 92 F.3d

4

51, 56 (2d Cir. 1996) ("[P]laintiffs claiming to be co-authors are time-barred three years after accrual of their claim from seeking a declaration of copyright co-ownership rights and any remedies that would flow from such a declaration."). A copyright "cause of action accrues when a plaintiff knows or has reason to know of the injury upon which the claim is premised." Merchant, 92 F.3d at 56; see also Kwan v. Schlein, 441 F. Supp. 2d 491, 499 (S.D.N.Y. 2006) ("co-authorship claims accrue once and for all when the plaintiff knows or should have known that an alleged co-author has been injured by his co-author's claim of exclusive copyright in the subject work"); Newsome v. Brown, 2005 WL 627639, at *5 (S.D.N.Y Mar. 16, 2005). A "reasonably diligent plaintiff" should be put on notice by "[a]n express assertion of sole authorship or ownership." Netzer v. Continuity Graphic Associates, Inc., 963 F.Supp. 1308, 1315 (S.D.N.Y. 1997).

  Here, Defendants argue that a variety of documents – all created much longer than three years ago – put Exceller on notice that Defendants did not view Exceller as a co-author. First, Defendants contend that the 1994 SDA makes clear that the parties are not co-authors but instead hold copyrights to distinct constituent components of the work. Second, Defendants claim that the copyright registrations they filed in 1998 – in which they claim exclusive ownership of all content in the FOG CDs – put Exceller on notice. Finally, Defendants contend that Plaintiff's own copyright registrations filed on March 13, 2002 – in which they claim protection only for the "[e]ntire source code" of the FOG CDs and explicitly acknowledge that "[t]he textual data, audio and images are owned by another source" – demonstrate that Exceller had notice that it was not a co-author. (Def. Br. 15-16)

  With respect to the SDA, this Court cannot hold as a matter of law that the parties' agreement put Exceller on notice that it was not a co-author. The SDA states that

5

"Copyright in the Software product of the Work shall be jointly held." (SDA ¶ 3(c) (emphasis added))  While Defendants contend that other language in the SDA makes clear that the parties retained rights only to the elements they contributed to the FOG product, this argument, at best, suggests that the SDA might be ambiguous.

This Court likewise cannot rule as a matter of law that the 1998 and 2002 copyright registrations put Exceller on notice that it was not a co-author of the FOG software.  In these copyright registrations, the parties – consistent with the SDA – registered copyrights in the elements that they contributed to the FOG software.  None of the copyright registrations make clear that Defendants are asserting sole authorship, however, or otherwise call into question the SDA's provision stating that "Copyright in the Software product of the Work shall be jointly held."

Defendants' failure to share with Exceller revenue associated with FOGi put Exceller on notice that Defendants did not believe that Exceller was a co-author of FOG.  See Carell v. Shubert Organization, Inc., 104 F. Supp. 2d 236, 249 (S.D.N.Y. 2000) ("[A]lthough defendants did not directly acknowledge their repudiation of plaintiff's rights during the 1980s, their non-payment of royalties should have put her on notice of this fact.").  Because there is no evidence in the record as to when FOGi was released, however, this Court cannot determine when Exceller became aware of the co-authorship dispute (and thus when the statute of limitations began running).

In sum, Defendants have not established that they are entitled to judgment as a matter of law on statute of limitations grounds.

  **B.**   <u>**Co-Authorship Claim**</u>

    The Copyright Act defines "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."  17 U.S.C. § 101.  To state a claim of co-authorship, "[a] co-authorship claimant bears the burden of establishing that each of the putative co-authors (1) made independently copyrightable contributions to the work; and (2) fully intended to be co-authors." <u>Thomson v. Larson</u>, 147 F.3d 195, 200 (2d Cir. 1998) (citing <u>Childress v. Taylor</u>, 945 F.2d 500, 507–08 (2d Cir. 1991)); <u>see also</u> <u>Childress</u>, 945 F.2d at 508 (endorsing an inquiry into "whether the putative co-authors ever shared an intent to be co-authors" and requiring that the parties "entertain in their minds the concept of joint authorship, whether or not they [understand] precisely the legal consequences of that relationship"); <u>Design Options, Inc. v. BellePointe, Inc.</u>, 940 F.Supp. 86, 90 (S.D.N.Y. 1996) ("[B]oth parties must have intended, at the time of creation, that the work be jointly owned.").

    Here, there is no dispute that Exceller made "an independently copyrightable contribution to the work."  <u>Thomson</u>, 147 F.3d at 200.  This is evidenced by Exceller's 2002 copyrights as well as by the SDA itself, which acknowledges that "[t]he copyright and ownership of the Software engine shall be [Exceller's]."  (SDA ¶ 3(b))  Thus, the first prong of <u>Childress</u> is satisfied.

    With respect to <u>Childress</u>'s second prong – mutual intent – the issue here is whether the SDA unambiguously demonstrates that Exceller is not a co-author.  The question of whether the parties intended to be co-authors is not susceptible to resolution on a motion to dismiss.

Under Paragraph 3 of the SDA, which is entitled "OWNERSHIP OF RIGHTS," it is clear that the "print form of the Work is the property of [Defendants]" and that "[o]wnership of all content material in the software packages shall be [Defendants']." (SDA ¶ 3(a))  It is equally clear that "[t]he copyright and ownership of the Software engine shall be [Exceller's]." (SDA ¶ 3(b))  However, the SDA goes on to state that "Copyright in the Software product of the Work shall be <u>jointly held</u> and shall be registered according to 3.a. and 3.b. herein." (SDA ¶ 3(c) (emphasis added))  Defendants have not explained how the "jointly held" language is consistent with their argument that the parties did not intend to be joint authors.  Nor have Defendants cited any case which has granted a motion to dismiss under comparable circumstances.

In addition to the "jointly held" language cited above, other aspects of the SDA cast doubt on Defendants' argument that the parties did not intend to be joint authors.  For example, the SDA states that any "major enhancements" to the FOG software product "will be upon separate and mutually agreeable terms."  (Id. ¶ 5)  If Exceller were simply a programmer who developed the software but had no co-authorship rights, it is unclear why the parties would have included this clause.  The SDA also provides that each party has the right to sell or manufacture FOG, and neither party can assign its rights under the SDA without obtaining consent from the other party.  (Id. ¶¶ 7, 10, 15)

Defendants have submitted the FOG license agreement in support of their motion (Def. Ex. B), but aspects of this exhibit tend to support Plaintiff's argument.  For example, in the license agreement, both Addison-Wesley and Exceller jointly grant a purchaser the right to use the FOG software program, and both entities are listed in the copyright notice ("the SOFTWARE is licensed to you by ADDISON WESLEY LONGMAN and EXCELLER").  (Def. Ex. B; Am.

Cmplt. ¶ 21)  Both companies are also listed in the provisions discussing warranties and limitations on liability.  (Def. Ex. B)

Given this record and the standard applicable to a motion to dismiss, this Court cannot rule as a matter of law that Defendants have established that the parties are not joint authors.

### III.     COPYRIGHT INFRINGEMENT

The Amended Complaint pleads, in the alternative, a copyright infringement claim.  Defendants argue that Exceller has failed to establish subject matter jurisdiction over this claim, because (1) a copyright registration is a jurisdictional prerequisite to an infringement suit, see 17 U.S.C. § 411; (2) the only registrations Exceller has alleged are for "source code" of the FOG CDs; and (3) Exceller has not alleged that Defendants infringed on the source code.  (Def. Br. 17)

In order to withstand a motion to dismiss a copyright infringement claim, the complaint must allege:

> (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) "by what acts during what time" the defendant infringed the copyright.  See Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1992).

Carell v. Shubert Organization, 104 F.Supp.2d 236, 250 (S.D.N.Y. 2000).  At the motion to dismiss stage, where only a "short and plain statement of the claim" is required, Fed. R. Civ. P. 8(a)(2), dismissals of copyright infringement claims are "generally limited to unique situations." Franklin Electronic Publishers, Inc. v. Unisonic Products Corp., 763 F.Supp. 1, 4 (S.D.N.Y. 1991) ("Because a court faced with a motion to dismiss for failure to state a claim must take the allegations of infringement in the complaint as true, dismissals are generally limited to unique

situations such as where the allegedly infringing acts occurred wholly outside the United States or where plaintiff has brought another claim such as breach of contract under the guise of copyright infringement.").

Here, Exceller has satisfied the four requirements set forth in Carell. The Amended Complaint alleges that Exceller owns and has registered the source code of FOG. (Am. Cmplt. ¶ 54) This is sufficient to satisfy the first three Carell requirements. With respect to the final Carell requirement, Exceller alleges that Defendants "infringed Exceller's copyright in the software engine of FOG by creating the FOGi derivative works." (Id. ¶ 56) Exceller further alleges that "FOGi is substantially similar to FOG in, among other things, its menu structures, user interface, sequencing of activities and sequencing of exercise types, user instructions and user feedback." (Id. ¶ 29)

Defendants argue that Exceller's copyright registration for the source code does not extend to the elements claimed as infringed. Defendants cite no law in support of this proposition, however, and – in any event – the issue at this stage of the litigation is not "whether 'a plaintiff will ultimately prevail' on the merits, but instead solely 'whether the claimant is entitled to offer evidence' in support of his claims." Peter F. Gaito Architecture, LLC v. Simone Development Corp., 602 F.3d 57, 65 (2d Cir. 2010) (quoting Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)). Exceller has sufficiently alleged "'by what acts during what time' the defendant infringed the copyright." Carell, 104 F.Supp.2d at 250.

## IV.     BREACH OF CONTRACT

Exceller argues that the creation of FOGi violates ¶ 5 of the SDA, which provides that any "major enhancement [of the FOG software product,] such as incorporating interactive

video or providing bilingual translation, will be upon separate and mutually agreeable terms." (SDA ¶ 5)

Analysis of a breach of contract claim begins with the language of the contract. See Crowley v. VisionMaker, LLC, 512 F.Supp.2d 144, 152 (S.D.N.Y. 2007) ("'In reviewing a written contract, a trial court's primary objective is to give effect to the intent of the parties as revealed by the language they chose to use,' and thus the court 'ordinarily looks only at the wording used by the drafters who presumably understood what they intended.'" (quoting Seiden Assocs., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 426, 428 (2d Cir. 1992))). A motion to dismiss can succeed only where the language of a contract is clear and unambiguous. See id. ("'[W]hen the language of a contract is ambiguous, its construction presents a question of fact,' which of course precludes summary dismissal" (quoting Jackson Heights Medical Group, P.C., v. Complex Corp., 222 A.D.2d 409, 411 (2d Dept. 1995))); see also Seiden Assocs., 959 F.2d at 428 ("Where the language used is susceptible to differing interpretations, each of which may be said to be as reasonable as another, and where there is extrinsic evidence of the parties' actual intent, the meaning of the words becomes an issue of fact. . . .").

Defendants allege that the FOGi CDs contain at least 50% new content and have capabilities that did not even exist in 1994, and that accordingly FOGi cannot be regarded as an "enhancement" of the FOG CDs. (Def. Br. 20) Defendants argue that the allegedly significant, fundamental differences between the FOG CDs and FOGi are not the type of "major enhancements" the parties contemplated in 1994 when they signed the SDA.

Defendants' argument raises a host of factual issues that cannot be resolved on a motion to dismiss, including the similarities and differences between the FOG CDs and FOGi, whether FOGi in fact contains 50% new content, and what the parties' understanding was of the

term "major enhancement" as used in the SDA.  Because the SDA does not unambiguously demonstrate that FOGi is not a "major enhancement" within the meaning of the SDA, and because Defendants are required under the SDA to obtain Exceller's consent to any "major enhancement" to FOG, the motion to dismiss the contract claim must be denied.

## V.         UNFAIR COMPETITION

Exceller claims that Defendants engaged in unfair competition by marketing FOGi in similar packaging and in similar markets as the FOG CDs.  Defendants claim that no actual confusion has been alleged, and that accordingly Exceller's unfair competition claim must be dismissed.

Under New York law, unfair competition consists of "'the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods.'"  Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc., 58 F.3d 27, 34 (2d Cir. 1995) (quoting Rosenfeld v. W.B. Saunders, 728 F.Supp. 236, 249–50 (S.D.N.Y. 1990)).  A claim seeking equitable relief requires a showing of a likelihood of confusion, whereas an action for damages requires a showing of actual confusion.  Id. at 35; see also W.W.W. Pharmaceutical Co., Inc. v. Gillette Co., 984 F.2d 567, 576 (2d Cir. 1993) ("The state law cause of action for unfair competition shares many common elements with the Lanham Act claims of false designation of origin and trademark infringement, including proof of actual confusion to recover damages, and proof of a likelihood of confusion for equitable relief." (citing Perfect Fit Industries, Inc. v. Acme Quilting Co., 618 F.2d 950 (2d Cir. 1980))).  A showing of bad faith is also required.  Jeffrey Milstein, 58 F.3d at 35.

Exceller argues that Defendants engaged in unfair competition by:  (1) using the name "Focus on Grammar" in FOGi; (2) using packaging and design work for FOGi that is

12

similar to that used for the FOG CDs; and (3) marketing FOGi in the same markets where Exceller markets FOG.  (Am. Cmplt. ¶¶ 69–71)  Defendants argue that Exceller has failed to state an unfair competition claim, because it has not alleged any actual confusion in the marketplace.

Although Exceller has alleged similarities between the two products that could lead to consumer confusion (id. ¶¶ 35, 69–71), and has also alleged bad faith (id. ¶¶ 37, 68), it has not alleged any actual consumer confusion.  In an action for damages such as this, actual confusion must be shown, not merely the likelihood of confusion.  See Jeffrey Milstein, 58 F.3d at 35; see also Krasnyi Oktyabr, Inc. v. Trilini Imports, 2007 U.S. Dist. LEXIS 23733, at *29 (E.D.N.Y. Mar. 29, 2007) ("in order to plead a claim for common law unfair competition, Red October must allege . . . either actual confusion to recover damages or a likelihood of confusion where equitable relief is sought" (emphasis added)).  Because Exceller has not met this pleading burden, Defendants' motion to dismiss Count Five must be granted.[2]

---

[2] Defendants also argue that "Plaintiff's unfair competition claim is preempted by [Section 301 of] the Copyright Act unless it is 'based on an 'extra element' beyond those of a copyright claim.'"  (Def. Br. 23)  However, the confusion alleged by Exceller is sufficient to constitute an extra element.  See Colour & Designs v. U.S. Vinyl Mfg. Corp., No. 04 Civ. 8332 (MBM), 2005 WL 1337864, at *7 (S.D.N.Y. June 3, 2005) ("Confusion between the two sets of designs constitutes an 'extra element' that insulates the unfair competition claim from preemption.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Counts One, Two, Three, and Four of the Complaint is DENIED, and Defendants' motion to dismiss Count Five is GRANTED.

The Clerk of the Court is directed to terminate Defendants' motion (Docket No. 20).

Dated: New York, New York
       November 8, 2010

SO ORDERED.

*Paul R Gardephe*
Paul G. Gardephe
United States District Judge