Georges H. Nahitchevansky (GN 7750)                         **ECF CASE**
Robert Potter (RP 5757)
KILPATRICK STOCKTON LLP
31 West 52nd Street
New York, New York 10019
(212) 775-8700 (phone)
(212) 775-8820 (fax)

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXCELLER SOFTWARE CORPORATION, | |
| Plaintiff, | Case No.  10 Civ. 00381 (PGG) |
| v. | **ANSWER, COUNTERCLAIM AND DEMAND FOR JURY TRIAL** |
| PEARSON EDUCATION, INC. and ADDISON WESLEY LONGMAN, INC., | |
| Defendants. | |

Defendants Pearson Education, Inc. ("Pearson") and Addison Wesley Longman, Inc.

("Addison Wesley," collectively, "Defendants"), for their answer to the Amended Complaint

filed on March 5, 2010 (the "Amended Complaint") by Plaintiff Exceller Software Corporation

("Plaintiff" or "Exceller"), allege as follows:

### NATURE OF ACTION

1.       With respect to the allegations in Paragraph No. 1, admit that Plaintiff and

Addison Wesley entered into a Software Development Agreement ("SDA") dated December 22,

1994 concerning the creation of a CD-ROM software program with the name "Focus on

Grammar" ("FOG CD-ROMs"); that the FOG CD-ROMs were ultimately released as a series of

four separate modules for different levels of instruction; and that a copy of the SDA is annexed

as Exhibit 1 to Plaintiff's Amended Complaint.  Deny knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations that "Exceller is a software company engaged in the development and distribution of educational software in the United States and worldwide," and accordingly deny this allegation. The remaining allegations in Paragraph No. 1 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the remaining allegations contained in Paragraph No. 1.

2.      With respect to the allegations in Paragraph No. 2, admit that Exceller designed the "programming code" for the FOG CD-ROMs. As to the allegations in Paragraph No. 2 concerning the SDA, Defendants state that the SDA speaks for itself and affirmatively refer to the contents of such. These and the remaining allegations in Paragraph No. 2 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the remaining allegations contained in Paragraph No. 2.

3.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph No. 3, and accordingly deny each and every allegation therein, except admit that the SDA provided both Plaintiff and Defendants with the right to sell the FOG CD-ROMs under certain conditions. The allegation that "[t]he software was well-reviewed and successful in the marketplace" is comprised in whole or in part of unsubstantiated and subjective opinions as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny this allegation. The allegation that "Exceller and Addison Wesley had separate rights to market and sell [the FOG CD-ROMs]" is comprised in whole or in part of a legal argument and/or conclusion of law as to which no

2

responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny this allegation.

4.      With respect to the allegations in Paragraph No. 4, admit that Defendants independently developed a new software product called Focus on Grammar Interactive ("FOGi"). The remaining allegations contained in Paragraph No. 4 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the remaining allegations contained in Paragraph No. 4.

5.      The allegations contained in Paragraph No. 5 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 5.

6.      The allegations contained in Paragraph No. 6 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 6.

## PARTIES

7.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph No. 7, and accordingly deny each and every allegation therein.

8.      Admit the allegations contained in Paragraph No. 8.

9.      Admit the allegations contained in Paragraph No. 9.

## JURISDICTION AND VENUE

10.     The allegations contained in Paragraph No. 10 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 10.

11.     The allegations contained in Paragraph No. 11 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 11.

## ALLEGATIONS

12.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph No. 12, and accordingly deny each and every allegation therein.

13.     Deny the allegations contained in Paragraph No. 13, except admit that Defendants developed and own all rights to a printed series of instructional course books entitled "Focus on Grammar."

14.     Deny the allegations contained in Paragraph No. 14, except admit that Exceller demonstrated software entitled "English Tutor" to representatives of Defendants.

15.     Deny the allegations contained in Paragraph No. 15.

16.     Deny the allegations contained in Paragraph No. 16.

17.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph No. 17, and accordingly deny each and every allegation therein, except admit that Exceller and Addison Wesley entered into the SDA effective

4

December 22, 1994, and that work on the software product under the SDA commenced earlier than December 22, 1994.

18.     Deny the allegations contained in Paragraph No. 18, except admit that the SDA contains a provision entitled "Ownership of Rights" and affirmatively refer to the contents of such.

19.     The allegations contained in Paragraph No. 19 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 19.

20.     Deny the allegations contained in Paragraph No. 20, except admit that four modules of the FOG CD-ROMs—basic, intermediate, high intermediate and advanced—were offered for sale beginning in 1996 and/or 1997.

21.     Admit the allegations contained in Paragraph No. 21.

22.     The allegations contained in Paragraph No. 22 are comprised in whole or in part of unsubstantiated and subjective opinions as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 22.

23.     Admit the allegations contained in Paragraph No. 23.

24.     Deny the allegations contained in Paragraph No. 24.

25.     Deny the allegations contained in Paragraph No. 25, except admit that the SDA contains a provision entitled "Enhancements" and affirmatively refer to the contents of such.

26.     Admit that FOGi includes speaking exercises and glossaries, and that there is a minimal level of localization for use in foreign countries, but deny that this is what is referred to

5

as "bilingual translation" under the SDA. The remaining allegations contained in Paragraph No. 26 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the remaining allegations contained in Paragraph No. 26.

27.     Deny the allegations contained in Paragraph No. 27, except admit that Defendants independently developed FOGi, that Exceller was not informed of such development, and that no agreement exists with Exceller for such development.

28.     Deny the allegations contained in Paragraph No. 28.

29.     The allegations contained in Paragraph No. 29 are comprised in whole or in part of legal arguments, conclusions of law and/or unsubstantiated and subjective opinions as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 29.

30.     The allegations contained in Paragraph No. 30 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph No. 31, and accordingly deny each and every allegation therein, except admit that both the FOG CD-ROMs and FOGi contain content taken directly from Defendants' wholly-owned series of printed course books entitled "Focus On Grammar."

32.     Deny the allegations contained in Paragraph No. 32, except admit that packaging for FOGi CD-ROMs includes the words "Version 2.0."

33.     The allegations contained in Paragraph No. 33 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 33.

34.     The allegations contained in Paragraph No. 34 are comprised in whole or in part of unsubstantiated and subjective opinions as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 34, except admit that the SDA contains a Section 8 and affirmatively refer to the contents of such.

35.     The allegations contained in Paragraph No. 35 are comprised in whole or in part of unsubstantiated and subjective opinions as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 35, except admit that both the FOG CD-ROMs and FOGi are and/or were sold as individual CD-ROMs, in 5-packs, 10-packs and 20-packs, and under network license, among other configurations.

36.     The allegations contained in Paragraph No. 36 are comprised in whole or in part of legal arguments, conclusions of law and/or unsubstantiated and subjective opinions as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 36.

37.     The allegations contained in Paragraph No. 37 are comprised in whole or in part of legal arguments, conclusions of law and/or unsubstantiated and subjective opinions as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 37.

7

## COUNT I – DECLARATORY JUDGMENT

38.     Repeat and reallege Paragraph Nos. 1-37 above, as if completely set forth herein.

39.     The allegations contained in Paragraph No. 39 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 39.

40.     The allegations contained in Paragraph No. 40 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 40.

41.     The allegations contained in Paragraph No. 41 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 41.

42.     The allegations contained in Paragraph No. 42 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 42.

43.     The allegations contained in Paragraph No. 43 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 43.

44.     The allegations contained in Paragraph No. 44 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 44.

45.     Deny the allegations contained in Paragraph No. 45.

## COUNT II - ACCOUNTING

46.     Repeat and reallege Paragraph Nos. 1-45 above, as if completely set forth herein.

47.     The allegations contained in Paragraph No. 47 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 47.

48.     The allegations contained in Paragraph No. 48 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 48.

49.     The allegations contained in Paragraph No. 49 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 49.

50.     Deny the allegations contained in Paragraph No. 50.

## COUNT III – COPYRIGHT INFRINGEMENT, IN THE ALTERNATIVE

51.     Repeat and reallege Paragraph Nos. 1-50 above, as if completely set forth herein.

9

52.     The allegations contained in Paragraph No. 52 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 52.

53.     The allegations contained in Paragraph No. 53 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 53, except admit that Pearson was aware of the FOG CD-ROMs product developed under the SDA.

54.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph No. 54, and accordingly deny each and every allegation therein.

55.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph No. 55, and accordingly deny each and every allegation therein, except admit that Exceller attached copies of purported copyright registrations as Exhibit 2 to its Amended Complaint.

56.     The allegations contained in Paragraph No. 56 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 56.

57.     The allegations contained in Paragraph No. 57 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To

10

the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 57.

58.     Deny the allegations contained in Paragraph No. 58.

## COUNT IV – BREACH OF CONTRACT

59.     Repeat and reallege Paragraph Nos. 1-58 above, as if completely set forth herein.

60.     The allegations contained in Paragraph No. 60 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 60.

61.     The allegations contained in Paragraph No. 61 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 61.

62.     The allegations contained in Paragraph No. 62 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 62.

63.     The allegations contained in Paragraph No. 63 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 63.

64.     The allegations contained in Paragraph No. 64 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To

11

the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 64.

65.     The allegations contained in Paragraph No. 65 are comprised in whole or in part of legal arguments and/or conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 65.

66.     Deny the allegations contained in Paragraph No. 66.

## COUNT V – UNFAIR COMPETITION

67.     Repeat and reallege Paragraph Nos. 1-66 above, as if completely set forth herein.

68.     By Court Order dated November 8, 2010, this Count has been dismissed, and accordingly no responsive pleading is required as to the allegations in Paragraph No. 68.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 68.

69.     By Court Order dated November 8, 2010, this Count has been dismissed, and accordingly no responsive pleading is required as to the allegations in Paragraph No. 69.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 69.

70.     By Court Order dated November 8, 2010, this Count has been dismissed, and accordingly no responsive pleading is required as to the allegations in Paragraph No. 70.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 70.

71.     By Court Order dated November 8, 2010, this Count has been dismissed, and accordingly no responsive pleading is required as to the allegations in Paragraph No. 71.  To the

US2008 1727377.5

extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 71.

72.     By Court Order dated November 8, 2010, this Count has been dismissed, and accordingly no responsive pleading is required as to the allegations in Paragraph No. 72.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 72.

73.     By Court Order dated November 8, 2010, this Count has been dismissed, and accordingly no responsive pleading is required as to the allegations in Paragraph No. 73.  To the extent that a responsive pleading may be required, Defendants deny the allegations contained in Paragraph No. 73.

### PRAYER FOR RELIEF

74.     Deny that Plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph on Page 13 of the Amended Complaint, including all sub-paragraphs designated (a) through (g).

### AS AND FOR A
### FIRST AFFIRMATIVE DEFENSE

75.     The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A
### SECOND AFFIRMATIVE DEFENSE

76.     Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A
### THIRD AFFIRMATIVE DEFENSE

77.     Plaintiff's claims are barred under the principles of waiver, laches, consent, estoppel, acquiescence, or ratification.

13

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

78.    Plaintiff's claims for joint authorship and for an accounting (Counts I-II) are barred by the applicable statute of limitations.  These claims accrued more than three years prior to the filing of this action, and thus are barred by 17 U.S.C. § 507(b).

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

79.    Plaintiff's claims for an accounting and for copyright infringement in the alternative (Counts II-III) are barred by virtue of Defendants' independent creation.  Defendants independently created FOGi, without reference to, inclusion of, or reliance upon any materials owned, in whole or in part, by Exceller.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

80.    Plaintiff's claim for breach of contract (Count IV) is barred under the principle of estoppel, as Plaintiff's own breach of the SDA excused any alleged subsequent failure to perform by Defendants.

81.    Defendants reserve the right to add additional defenses, including affirmative defenses, as they may become apparent during discovery, and specifically reserve the right to amend the Answer to the Amended Complaint to allege such defenses as they become apparent.

**WHEREFORE**, Defendants request the following relief:

(a)    That the Court dismiss the Amended Complaint with prejudice.

14

US2008 1727377.5

(b)     That the Court award Defendants such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including attorneys' fees.

## COUNTERCLAIM

Defendants/counterclaimants Pearson Education, Inc. ("Pearson") and Addison Wesley Longman, Inc. ("Addison Wesley," collectively "Counterclaimants"), for their counterclaim against Exceller Software Corporation ("Exceller"), allege as follows:

## SUBSTANCE OF THE COUNTERCLAIM

82.     This action arises out of Addison Wesley's development in 1994 of an ancillary CD-ROM series for students studying English as a Second Language, based upon and derived from an existing set of course books owned exclusively by Counterclaimants and known as *Focus on Grammar*. This ancillary CD-ROM series, entitled the Focus on Grammar CD-ROMs (the "FOG CDs"), was based upon Counterclaimants' first edition of the *Focus on Grammar* textbook series, and was developed pursuant to a 1994 written Software Development Agreement ("SDA") between Addison Wesley and Exceller.  A copy of the SDA is annexed as Exhibit 1 to Exceller's March 5, 2010 Amended Complaint.

83.     The SDA delineated Exceller's role as a software developer for the FOG CD-ROMs, specifically set forth the parties' separate, divided and wholly distinct copyright rights in and to the FOG CD-ROMs and, among other things, required Exceller a) to pay Addison Wesley a royalty of nine percent (9%) of Exceller's net sales of all FOG CD-ROMs; and b) to avoid selling the FOG CD-ROMs through sales force, direct mail advertising, or promotion to the higher-education and adult-education markets within the United States.

15

84.   Notwithstanding the express terms of the SDA, Exceller has failed to pay Addison Wesley any of the royalties due it and has, upon information and belief, sold the FOG CD-ROMs through sales force, direct mail advertising, and/or promotion to the domestic higher-education and adult-education markets.  Accordingly, Exceller is in direct breach of the SDA.

## THE PARTIES

85.   Pearson, a corporation organized and existing under the laws of Delaware with a principal place of business at 1 Lake Street, Upper Saddle River, New Jersey 07458, is a global leader in integrated educational publishing.

86.   Addison Wesley, a corporation organized and existing under the laws of Massachusetts with a principal place of business at 1 Lake Street, Upper Saddle River, New Jersey 07458, is owned by Pearson's parent company and, as part of the Pearson family, is a leading global publisher of educational and technical materials.

87.   Exceller is, upon information and belief, a corporation organized and existing under the laws of New York with a principal place of business at 2 Graham Road West, Ithaca, New York 14850.

## JURISDICTION AND VENUE

88.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is diversity between the parties and the matter exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000), and pursuant to 28 U.S.C. § 1367(a), as the counterclaim is so related to Exceller's claims in the action that it forms part of the same case or controversy.

89.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a).

16

## FACTUAL ALLEGATIONS

90.     With such renowned brands as Prentice Hall, Longman, Scott Foresman, Addison

Wesley, NCS, and many others, Pearson and its numerous international affiliates are leading

worldwide providers of print and electronic educational products.  Pearson provides quality

content, assessment tools, and educational services in all available media, spanning the learning

curve from birth through college and beyond.  Among its brands, Pearson publishes

approximately 100,000 titles, and develops and publishes thousands of new titles each year.

Pearson is also a global leader in online learning with nearly 2,000 textbook companion Web

sites, the InformIT Website for technology professionals, and the Family Education Network, the

award winning online resource for parents, teachers, and children.

91.     Addison Wesley, a well-known publisher of educational and scientific materials

since its publication of Francis Weston Sears' *Mechanics* in 1942, was acquired by and became

an imprint of Pearson's parent company in 1988.

92.     Among many other successful education products, Counterclaimants Pearson and

Addison Wesley publish a popular series of instructional course books, called *Focus on

Grammar*, for students studying English as a Second Language.  Counterclaimants own all

rights, including relevant trademarks and copyrights, in connection with the *Focus on Grammar*

series.

93.     Shortly after the *Focus on Grammar* course books were introduced in 1994,

Counterclaimants sought to create an ancillary software program on CD-ROM, based entirely on

the content within the course books themselves, to assist students using the books.

Counterclaimants retained Exceller to develop the software for the product, known as the Focus

on Grammar CD-ROMs ("FOG CD-ROMs").

17

94.     On December 22, 1994, Addison Wesley and Exceller executed a software

development agreement ("SDA") to govern the creation of and the rights surrounding the FOG

CD-ROMs.  Pearson is the successor-in-interest to Addison Wesley's rights and obligations

under the SDA.

95.     Among many other provisions, the SDA provides the parties with separate and

explicitly delineated rights to market, promote and sell the FOG CD-ROMs.

96.     Paragraph 8 of the SDA provides, in relevant part:

**RIGHTS OF MARKETING, PROMOTION AND SALES**

b.) The Developer [Exceller] shall have the right to market, promote and sell the
Software throughout the world, including through third party distributors. . . .
The Developer agrees not to actively sell through sales force, direct mail
advertising, or promotion to the higher ed and adult ed markets domestically.

97.     In connection with these rights, the SDA also contains a non-reciprocal royalty

arrangement under which Exceller must pay Counterclaimants, on a twice-yearly basis, nine

percent of its revenues from sales of the FOG CD-ROMs in the markets in which Exceller is

allowed to sell them.  There is no obligation in the Agreement requiring Counterclaimants to pay

any royalties whatsoever to Exceller.

98.     Paragraph 7 of the SDA provides, in relevant part:

**ROYALTIES**

a.) The Developer [Exceller] shall pay the Publisher [Addison Wesley] nine
percent (9%) of its net sales of the Software sold by the Developer (excluding
discounts, sales taxes, and transportation charges.)  The terms "sales" and "sold"
shall include all Software sold during any statement period, less any Software
returned for credit.  No royalty shall be paid on copies furnished with charge or
for review, advertising, sample, promotion or other similar purposes or on copies
sold as remainders at cost or less.

* * *

c.) Royalties on net revenues shall be paid each calendar year within sixty (60)
days after June 30 and December 31 of each year and shall be accompanied by a

18

statement of the number of copies of the product distributed or sold during the six-month period ending on June 30 or December 31, as the case may be. The Publisher shall have the right during normal working hours to audit the Developer's books and records insofar as they relate to the distribution and sale of the royalty-bearing product. The obligation to pay royalties hereunder shall survive termination of this agreement.

99.     Upon information and belief, since 1996 Exceller has sold substantial numbers of the FOG CD-ROMs, generating revenues in excess of $1.1 million.

100.     Notwithstanding its obligation under the SDA, Exceller has never paid Counterclaimants any royalties in connection with its sales of the FOG CD-ROMs, despite Counterclaimants repeated written requests that it do so.

101.     Notwithstanding its obligation under the SDA, Exceller, upon information and belief, has sold the FOG CD-ROMs through sales force, direct mail advertising, and/or promotion to the higher-education and adult-education markets within the United States.

102.     Counterclaimants have complied with the SDA in full.

103.     Exceller's failure to pay Counterclaimants the royalties required under the SDA has damaged Counterclaimants in an amount to be determined at trial.

104.     Exceller's failure to refrain from selling the FOG CD-ROMs through sales force, direct mail advertising, and/or promotion to the higher-education and adult-education markets within the United States has damaged Counterclaimants in an amount to be determined at trial.

## FIRST COUNTERCLAIM FOR RELIEF - 
## BREACH OF CONTRACT

105.     Counterclaimants repeat and incorporate by reference the allegations in paragraphs 82-104 above, as if completely set forth herein.

106.     Counterclaimants and Exceller are parties bound by the SDA, which expressly obligates Exceller to pay Counterclaimants a royalty of nine percent (9%) on all FOG CD-ROMs sold by Exceller.

19

US2008 1727377.5

107.    Exceller has sold a substantial number of FOG CD-ROMs, generating, upon information and belief, revenues in excess of $1.1 million.

108.    Counterclaimants have performed all of their obligations under the SDA, and there are no conditions precedent to Exceller's obligation to pay the royalty required under that agreement.

109.    Exceller has breached Section 7 of the SDA by failing, and indeed refusing, to pay Counterclaimants any royalties on its sales of the FOG CD-ROMs.

110.    Counterclaimants have been damaged by Exceller's breach of contract.

111.    Counterclaimants are entitled to judgment against Exceller in an amount to be determined at trial.

## SECOND COUNTERCLAIM FOR RELIEF - BREACH OF CONTRACT

112.    Counterclaimants repeat and incorporate by reference the allegations in paragraphs 82-111 above, as if completely set forth herein.

113.    Counterclaimants and Exceller are parties bound by the SDA, which expressly obligates Exceller to refrain from selling the FOG CD-ROMs through sales force, direct mail advertising, and/or promotion to the higher-education and adult-education markets within the United States.

114.    Counterclaimants have performed all of their obligations under the SDA, and there are no conditions precedent to Exceller's obligation to refrain from such sales tactics.

115.    Upon information and belief, Exceller has breached Section 8 of the SDA by selling the FOG CD-ROMs through sales force, direct mail advertising, and/or promotion to the higher-education and adult-education markets within the United States.

20

116.     Such sales and promotion have deprived Counterclaimants of sales of the FOG CD-ROMs that would otherwise have been purchased directly from them, and Counterclaimants have thus been damaged by Exceller's breach of contract.

117.     Counterclaimants are entitled to judgment against Exceller in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimants pray that the Court enter judgment as follows:

1.     An order awarding Counterclaimants all damages caused by the breaches of contract forming the bases of this counterclaim.

2.     An order awarding Counterclaimants their reasonable attorneys' fees in this action.

3.     An order awarding Counterclaimants their costs and expenses in this action.

4.     An order awarding Counterclaimants exemplary or punitive damages.

5.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimants demand a jury trial on all issues so triable.

Dated:     New York, New York
           November 22, 2010

                              KILPATRICK STOCKTON LLP


                              _____
                              Georges Nahitchevansky (GN 7750)
                              Robert N. Potter (RP 5757)
                              31 West 52nd Street, 14th Floor
                              New York, New York 10019
                              Telephone: (212) 775-8700
                              Facsimile: (212) 775-8800

US2008 1727377.5

*Attorneys for Defendants and Counterclaimants Pearson Education, Inc. and Addison Wesley Longman, Inc.*

22