Jack Yoskowitz
Jeffrey M. Dine
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Tel. 212-574-1200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXCELLER SOFTWARE CORPORATION,

        Plaintiff,

        vs.

PEARSON EDUCATION, INC. and
ADDISON-WESLEY LONGMAN, INC.,

        Defendants.

10 CIV 0381 (PGG)

**ANSWER TO COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

        Plaintiff Exceller Software Corporation ("Exceller"), by its undersigned attorneys, for its answer to the counterclaim ("Counterclaim") made by Defendants Pearson Education, Inc. ("Pearson") and Addison-Wesley Longman, Inc. ("Addison-Wesley" and together, "Addison-Wesley/Pearson") in their Answer, Counterclaim and Demand for Jury Trial dated November 22, 2010, alleges as follows:

        1.     Denies the allegations of paragraph 82 of the Counterclaim, except admits that the counterclaims purport to arise from the development of the FOG CDs and that Pearson and/or Addison Wesley publish a series of instructional course books called Focus on Grammar, and refers the Court to the Software Development Agreement ("SDA") for a true and accurate statement of its contents.

        2.     Denies the allegations of paragraph 83 of the Counterclaim, except refers the Court to the SDA for a true and accurate statement of its contents.

        3.     Denies the allegations of paragraph 84 of the Counterclaim.

    4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Counterclaim, except admits that Pearson is a corporation existing under the laws of the state of Delaware with its principal place of business at 1 Lake Street, Upper Saddle River, New Jersey 07458.

    5. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 86 of the Counterclaim, except admits that Addison Wesley is a corporation organized and existing under the laws of Massachusetts with a principal place of business at 1 Lake Street, Upper Saddle River, New Jersey 07458.

    6. Denies the allegations of paragraph 87 of the Counterclaim, except admits that Exceller is a corporation organized and existing under the laws of New York.

    7. States that the allegations of paragraph 88 of the Counterclaim state legal conclusions as to which no response is required.

    8. States that the allegations of paragraph 89 of the Counterclaim state legal conclusions as to which no response is required.

    9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Counterclaim.

    10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Counterclaim.

    11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Counterclaim, except admit that Pearson and/or Addison Wesley publish a series of instructional course books called Focus on Grammar.

    12. Denies the allegations of paragraph 93 of the Counterclaim, except refers the Court to the parties SDA for a true and accurate statement of its contents.

13. Admits the allegations of paragraph 94 of the Counterclaim.

14. Denies the allegations of paragraph 95 of the Counterclaim, except refers the Court to the parties SDA for a true and accurate statement of its contents.

15. Denies the allegations of paragraph 96 of the Counterclaim, except refers the Court to the parties SDA for a true and accurate statement of its contents.

16. Denies the allegations of paragraph 97 of the Counterclaim, except refers the Court to the parties SDA for a true and accurate statement of its contents.

17. Denies the allegations of paragraph 98 of the Counterclaim, except refers the Court to the parties SDA for a true and accurate statement of its contents.

18. Denies the allegations of paragraph 99 of the Counterclaim, except states that Exceller has generated revenue of approximately $1.1 million from its sales of FOG CD-ROMs since 1996.

19. Denies the allegations of paragraph 100 of the Counterclaim, except states that Exceller has not paid royalties to counterclaimants and states that it was not obligated to do so.

20. Denies the allegations of paragraph 101 of the Counterclaim.

21. Denies the allegations of paragraph 102 of the Counterclaim.

22. Denies the allegations of paragraph 103 of the Counterclaim.

23. Denies the allegations of paragraph 104 of the Counterclaim.

24. With respect to the allegations of paragraph 105 of the Counterclaim, realleges and reincorporates by reference the allegations of paragraphs 1 through 23 herein.

25. Denies the allegations of paragraph 106 of the Counterclaim, except admits that the SDA is binding on the parties, and refers to Court to the SDA for a true and accurate statement of its contents.

26. Denies the allegations of paragraph 107 of the Counterclaim, except states that Exceller has generated revenue of approximately $1.1 million from its sales of FOG CD-ROMs since 1996.

27. Denies the allegations of paragraph 108 of the Counterclaim.

28. Denies the allegations of paragraph 109 of the Counterclaim.

29. Denies the allegations of paragraph 110 of the Counterclaim.

30. Denies the allegations of paragraph 111 of the Counterclaim.

31. With respect to paragraph 112 of the Counterclaim, realleges and reincorporates by reference the allegations of paragraphs 1 through 30 herein.

32. Denies the allegations of paragraph 113 of the Counterclaim, except admits that the SDA is binding on the parties, and refers to Court to the SDA for a true and accurate statement of its contents.

33. Denies the allegations of paragraph 114 of the Counterclaim.

34. Denies the allegations of paragraph 115 of the Counterclaim.

35. Denies the allegations of paragraph 116 of the Counterclaim.

36. Denies the allegations of paragraph 117 of the Counterclaim.

37. Denies that Defendants-Counterclaim Plaintiffs are entitled to any of the relief for which they pray.

**FIRST DEFENSE**

38. The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

39. The Counterclaim is barred by the statute of limitations.

## THIRD DEFENSE

40. The Counterclaim is barred by the doctrines of laches, consent, waiver, acquiescence or ratification.

## FOURTH DEFENSE

41. The Counterclaim is barred by the principle of estoppel, as Counterclaimants' own breach of the SDA excused any alleged subsequent failure to perform by Defendants.

## FIFTH DEFENSE

42. To the extent that Plaintiff has any liability to Defendants under the Counterclaim, any damages are subject to set off.

WHEREFORE, Plaintiff Exceller Software Corporation is entitled to judgment against Pearson Education, Inc. and Addison-Wesley Longman, Inc.:

(a) as prayed for Plaintiff's Amended Complaint;

(b) dismissing the First and Second Counterclaims for Relief;

(c) awarding Plaintiff its costs and expenses with respect to the First and Second Counterclaims for relief; and

      (d) granting such other, further and different relief as the Court determines is just and proper.

New York, New York  
December 13, 2010

                                        SEWARD & KISSEL LLP

                                        By: /s/ Jeffrey M. Dine  
                                             Jack Yoskowitz  
                                             Jeffrey M. Dine  
                                        One Battery Park Plaza  
                                        New York, New York 10004  
                                        Tel. 212-574-1200

                                        *Attorneys for Plaintiff Exceller Software Corporation*

SK 88888 0033 1153639